# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| TRACY LAHEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:18-CV-13-MTT |
| | ) |
| SOUTHERN CREDIT BUREAU CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Plaintiff Tracy Lahey brought suit against Defendant Southern Credit Bureau Corporation for abusive debt collection practices in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p. Doc. 1 at 1. The Plaintiff has notified the Court that the parties have agreed to settle the claims. Doc. 10. In their notice of settlement, the parties notified the Court they were unable to agree on an appropriate amount for fees and costs, so the Plaintiff would file a motion for fees and costs. *Id.* at 1-2.

The Plaintiff has now filed that motion, asking the Court to award fees pursuant to 15 U.S.C. § 1692k(a)(3). The Plaintiff uses the lodestar method to request the Court calculate fees of $9,677.50, plus costs of $520.64. Doc. 11-1 at 9. The Plaintiff also requests fees of $1,127.50 for time producing its reply brief. Doc. 18-1. The Defendant claims some of the hours billed were unreasonable and reaches a sum of $6,960.00 for fees. Doc. 14 at 3. For the following reasons, the Court concludes the Plaintiff should

be awarded $9,982.50 in fees and $520.64 in costs. Accordingly, the Defendant is **ORDERED** to pay the Plaintiff $10,503.14.

## DISCUSSION

"[T]he costs of the action, together with a reasonable attorney's fee as determined by the court," are available for prevailing plaintiffs under the FDCPA. 15 U.S.C. § 1692k(a)(3). "The starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (citation and quotation marks omitted).[1] This number is called the "lodestar," and "there is a strong presumption that the lodestar is the reasonable sum the attorneys deserve." *Id.* (citation and quotation marks omitted). The district court should exclude "hours that were not reasonably expended," such as work that was "excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). In determining whether a lodestar is reasonable, the district court should consider twelve factors enumerated in *Johnson v. Georgia Highway Express, Inc.*: (1) the time and labor required, (2) the novelty and difficulty, (3) the skill required to perform the legal service properly, (4) the opportunity cost of the attorney's inability to work on other cases as a result of accepting this one, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount of money at issue and the results obtained, (9) the experience and ability of

---

[1] In *Bivins*, the district court had determined attorney's fees under § 1988, not the FDCPA. *Bivins*, 548 F.3d at 1350. But the Supreme Court has observed that Congress generally patterns attorney's fees provisions of new statutes on those provisions of pre-existing statutes, and "[t]he standards set forth in this opinion are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'" *Hensley v. Eckerhart*, 461 U.S. 424, 433 n.7 (1983) (citations omitted).

the attorneys, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client, and (12) attorney's fee awards in similar cases. 488 F.2d 714, 717-19 (5th Cir. 1974),[2] *overruled on other grounds by Blancher v. Bergeron*, 489 U.S. 87 (1989); *see also Blancher*, 489 U.S. at 92 ("*Johnson*'s 'list of 12' thus provides a useful catalog of the many factors to be considered in assessing the reasonableness of an award of attorney's fees."). Downward adjustment of the lodestar is "merited only if the prevailing party was partially successful in its efforts," a determination the district court makes on a case-by-case basis. *Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1150 (11th Cir. 1993).

The Plaintiff documents her counsel's work in attached time entries. *See* Doc. 11-3. The Defendant does not contest the availability of attorney's fees and costs. Doc. 14 at 2. And the Defendant does not contest the Plaintiff's requested hourly rate of $275.00 for attorney tasks or the rate of $100.00 for tasks performed by legal assistants. Doc. 11-1 at 5-7; *see generally* Doc. 14. The Court makes three further adjustments to the amount requested by the Plaintiff, to correct for mistakes in calculation: (1) a 7/8/17 entry mistakenly bills attorney time at too low a rate. *See* Doc. 11-2 at 1 ("Draft litigation hold letter for client"). (2) A 5/24/18 entry bills attorney time at too high of a rate. *See* Doc. 11-2 at 3 ("Email to David McCain re fee petition . . ."). The Court will apply a rate of $275.00 to both entries. (3) Finally, a 1/17/2018 entry bills legal assistant time at too low of a rate. *See* Doc. 11-2 at 1 ("Download summons . . .").

---

[2] The Eleventh Circuit has adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

The Court will apply a rate of $100.00 to that entry. The net effect of these adjustments is to reduce slightly the total award of fees.

The Defendant challenges the number of reasonable hours spent, claiming some of the tasks for which the Plaintiff's counsel billed were excessive, duplicative, administrative or otherwise unnecessary.

The Court finds that the best way to determine the reasonableness of the Plaintiff's request is to consider the specific hours expended on certain tasks. *See Bivins*, 548 F.3d at 1350 ("When a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." (citation omitted)).

First, the Defendant argues that 3.7 hours spent substantiating an hourly rate of $275 for the purposes of requesting fees was unnecessary, as the Defendant never disputed that rate. Doc. 14 at 6. The Defendant argues that the Plaintiff's counsel were demanding an hourly rate of $325 before filing their motion for fees, and any dispute the Defendant had was with that higher number, rendering the research to substantiate a rate of $275 unnecessary. *Id* at 6-7. Based on email correspondence filed with the Court, it appears the Plaintiff's counsel were initially requesting a rate of $325.00 for Cliff Carlson. Docs. 13 ¶ 4; 13-1. When the Defendant's counsel responded by offering a much lower amount, the Plaintiff's counsel requested the fee basis. Doc. 13-2 at 2. The Defendant does not seem to have responded with a rate, and the parties do not appear to have agreed on a rate. Doc. 18-1 at 1. Although the Defendant states it would have agreed to a $275 hourly rate, the Defendant did not agree to that rate. *See* Doc. 14 at 7. In fact, the Defendant had earlier sent an email indicating that $250 might

be the appropriate rate. Doc. 13-2 at 2. Accordingly, the 3.7 hours billed by Plaintiff's counsel which went toward establishing a rate were not unreasonable.

The Defendant also argues the Plaintiff's counsel are not entitled to recover 4.8 hours for performing clerical or administrative tasks. Doc. 14 at 8. Five entries are for mailing or faxing documents, for a total of .5 hours, billed at $100 per hour. These are indeed administrative tasks which cannot be recovered. The Defendant also challenges an entry of 2.9 hours, billed at the attorney's rate, for "Finalize complaint, exhibit, summons, cover sheet, and filed." *Id.* The Plaintiff's counsel admit a rate of $100, as an appropriate rate for a legal assistant, may be appropriate for this entry. Doc. 18 at 4. The Court agrees and finds a rate of $100 for these tasks is reasonable. The Defendant also challenges an entry for intake and legal research, asking the court to find only the legal research is compensable. Doc. 14 at 9-10. The Court agrees and finds a reduction to .6 hours is reasonable. The Defendant challenges one more entry as administrative, 0.2 hours for "Review file for initial disclosure—request from OC." *Id.* at 8. The Defendant does not point to any reason why this entry would be unreasonable, and the Court finds it is reasonable.

The Defendant also challenges the reasonableness of hours spent on time which the Defendant argues is unrelated to the present action. *Id.* at 10. These entries are for requesting a validation of the Plaintiff's debt, researching and contacting the original creditor, receiving a voicemail from the original creditor in response, and drafting a cease and desist letter. *Id.* The Court finds that additional research into the nature of the original debt was reasonable to determine whether the dunning letter's representations were accurate, which was relevant to the claim. *See* Docs. 1-1; 1. The

cease and desist letter, however, was a client service which did not have a bearing on the present litigation. The Court accordingly finds those 0.3 hours were not reasonably spent on this case.

Finally, the Defendant challenges a total of 1.1 hours of time corresponding with opposing counsel over whether a certain provision of the settlement agreement, which required the Plaintiff to withdraw or dismiss other pending actions, would create obligations inconsistent with Rule 41 of the Federal Rules of Civil Procedure. Doc. 14 at 12-13. Of the emails provided by the Defendant in its response, the Court finds they are reasonable as good-faith attempts to clarify and resolve a possible issue with the settlement. *See* Doc. 13-3. The Court therefore finds those hours are reasonable. Finally, the Plaintiff requests fees for an additional 4.1 hours for "reviewing, researching, and responding to" the Defendant's brief in response. Doc. 18-1. That amount of time is reasonable. At a rate of $275.00 an hour, that produces fees of $1,127.50.

## CONCLUSION

Having reviewed the time entries above, the Court finds a reasonable award of attorney's fees to be $9,982.50 (3.3 hours at a rate of $100.00 for work reasonably performed by legal assistants and 35.1 hours at a rate of $275.00 for work reasonably performed by attorneys). The Court also awards costs of $520.64. Accordingly, the Defendant is **ORDERED** to pay the Plaintiff $10,503.14.

**SO ORDERED**, this 1st day of November, 2018.

                                        S/ Marc T. Treadwell
                                        MARC T. TREADWELL, JUDGE
                                        UNITED STATES DISTRICT COURT